UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wayne Marlon Benedic Lezama, | ) | C/A No. 5:12-2971-DCN-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden, FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

      This is an action seeking habeas corpus relief under 28 U.S.C. § 2241. Petitioner is a prisoner. Therefore, in the event that a limitations issue arises, Petitioner shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**PAYMENT OF THE FILING FEE:**

      Petitioner has requested to proceed without prepaying the filing fee by filing an Application to Proceed without Prepayment of Fees and Affidavit (Form AO-240) which is construed as a Motion for Leave to Proceed *in forma pauperis*. Based on a review of the Motion, Petitioner's request to proceed *in forma pauperis,* ECF No. 2, is **granted**.

**MOTION TO APPOINT COUNSEL:**

      Petitioner has requested the appointment of counsel. The law is clear that there is no right to appointed counsel in §2241 cases. *Gilmore v. Lynch*, 319 F. Supp. 105 (N.D. Cal. 1970), *aff'd* 404 U.S. 15 (1971). However, the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. §1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971). When exercising its discretion to appoint counsel in a civil action, the appointment should be allowed only in exceptional cases. *Whisenaut v. Yuam*, 739 F.2d 160 (4th Cir. 1984). After a review of the pleadings, this court has determined that there are no unusual circumstances which would justify the appointment of counsel, nor would Petitioner be denied due process if an attorney was not appointed. Accordingly, Petitioner's request for discretionary appointment of counsel, ECF No. 9, is **denied**.

**TO THE CLERK OF COURT:**

The Clerk of Court is directed to add to the docket the Warden of FCI Bennettsville as Respondent because a prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). The Clerk of Court is directed to delete United States of America as Respondent on the docket. The Clerk of Court shall not serve the § 2241 Petition upon Respondent because the Petition is subject to dismissal.

The Clerk of Court shall not enter any change of address submitted by Petitioner which directs that mail be sent to a person other than Petitioner unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

**TO PETITIONER:**

Petitioner must place the Civil Action Number (C/A No. 5:12-2971-DCN-KDW) listed above on any document filed in this case. **Any future filings in this case must be sent to the Clerk of Court, Post Office Box 2317, Florence, South Carolina 29503.** All documents requiring Petitioner's signature shall be signed with Petitioner's full legal name written in Petitioner's own handwriting. Pro se litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Petitioner is directed to use letter-sized (8½ inches x 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Petitioner is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

Petitioner is a pro se litigant. Petitioner's attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 2317, Florence, South Carolina 29503)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

IT IS SO ORDERED.

December 21, 2012                        Kaymani D. West
Florence, South Carolina            United States Magistrate Judge