UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wayne Marlon Benedic Lezama, | ) C/A No. 5:12-2971-DCN-KDW |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Warden, FCI Bennettsville, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, Wayne Marlon Benedic Lezama ("Petitioner"), proceeding pro se and *in forma pauperis*, brings this action pursuant to 28 U.S.C. § 2241 for habeas corpus relief. Petitioner is an inmate in the Federal Correctional Institution Bennettsville ("FCI Bennettsville") in Bennettsville, South Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the district court.

I.   Background

   A.   Procedural History and Petitioner's Allegations

Petitioner files this petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence, entered in the United States District Court for the Eastern District of Virginia, on February 23, 2010, in *United States v. Lezama*, 2:09-cr-00162-HCM-FBS (E.D. Va.).[1] Petitioner was indicted on two counts of wire fraud (violation of 18 U.S.C. § 1343) and pled guilty, on November 23, 2009, to one count of wire fraud, pursuant to a plea agreement in

---

[1] The undersigned takes judicial notice of Petitioner's prior criminal and post-conviction proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (noting the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

which the second count was dismissed and Petitioner waived his right of appeal. Petitioner was sentenced on February 23, 2010, to 60 months imprisonment, followed by five years of supervised release, and payment of restitution in the amount of $1,150,570.30.

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, on January 31, 2011. On November 2, 2011, Petitioner's § 2255 motion was denied by the sentencing court. Petitioner appealed the denial of his § 2255 motion, and the Fourth Circuit dismissed his appeal on April 6, 2012. Petitioner petitioned for a rehearing, which was denied on July 3, 2012. *See* C/A No. 09-612, ECF Nos. 34, 55, 59, 62. Petitioner's § 2255 motion alleged ineffective assistance of counsel, stating three grounds: (1) plea counsel failed to object to the additional properties added to the amended pre-sentence report; (2) plea counsel failed to investigate the violation of Petitioner's right to a speedy trial; and (3) plea counsel failed to investigate and mitigate Petitioner's loss calculation values used towards Petitioner's sentencing guidelines. *See* ECF No. 1 at 2; C/A No. 09-612, ECF No. 34.

In the instant § 2241 Petition, Petitioner alleges that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention because "the [2255] motion in question needed more detail clarity to support the variance in the dispute over the issues stated." ECF No. 1 at 2. Petitioner alleges two grounds for relief in the instant Petition:

> Ground One: Petitioner claims that his counsel was ineffective by not objecting to the wrong guideline used at sentencing, administered by the government, which triggered constitutional consequences, by violating his Fifth Amendment due process rights. Furthermore, the government's loss figures of actual or intended loss, was not reasonable: resulting in misinformed data, that affected the Petitioner's sentence.
>
> * * *
>
> Ground Two: Petitioner claims that his counsel failed to object to the government's conviction of his wire fraud charges, due to the mis-applied terms and representation of mortgage lending institutions as financial institutions, in accordance with statutory

2

> laws. Furthermore, the interpretations of the victims of record is incorrect. Instead of representing the providers who compensated or provided for the loss of the offense in 2005-2007, they listed the mortgage lenders, who never originated the loan, which violated the petitioner's Fifth Amendment constitutional due process rights and the Sixth Amendment constitution[al] rights of a fair sentence.

ECF No. 1 at 5.

Petitioner elaborates on the basis of Ground One by alleging that the United States Sentencing Guidelines ("USSG") Amendment 617, which became effective on November 1, 2001, reduced the offense level of Petitioner's offense. Petitioner alleges that both USSG § 2B1.1(b)(13)(A) vol II, which required the sentencing court to make a four-level enhancement based on the loss to a financial institution deriving more than $1 million from the offense, and USSG 2B1.1(a)(1)(3)(D), which excluded contractual interest from the loss determination, were misapplied to Petitioner. ECF No. 1 at 5. He contends that such misapplication resulted in a "significant miscarriage of justice [of] constitutional magnitude" that invalidated his guilty plea. *Id.* As to Ground Two, Petitioner alleges that Congress clarified with the May 20, 2009 enactment of the Victim Restitution Act that mortgage lenders as financial institutions were not to receive double payment via restitution. Petitioner notes that his offense was committed in 2007, but alleges that his sentence and restitution order improperly considered the mortgage lenders as the victims of his offense because "these mortgage lenders had absolutely no control of the funds pertaining to any losses." ECF No. 1 at 6.

Petitioner characterizes these allegations as presenting "newly discovered evidence, [which] supports an unexcusable [sic] neglect by the government," and seeks to have the court "dismiss[] his conviction and sentence." ECF No. 1 at 8. Petitioner also "claims relief under Rule 60(b) of the Federal Rules of Civil Procedures." *Id.* at 9. Further, Petitioner contends that his counsel relied on

a 1998 version of Sentencing Guidelines instead of the correct 2001 amended version, which would have reduced his sentence enhancement from a four-level to a two-level enhancement. Additionally, Petitioner asserts that, without the mistakenly included contractual interest, his loss calculation would have been $773,803.70, rather than $1,150,570.30. He submits the difference in the loss calculation would have reduced his offense level from a 16-point level to a 12-point level. *See* ECF No. 1-1 at 2-3.  Petitioner argues that all of the mortgage lenders that were considered victims of his offense would have been compensated for their losses by mortgage insurance, but the government failed to inquire into these facts. *Id.* at 7.

        B.        Pro Se Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe pro se petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such pro se petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines*, 404 U.S. at 520); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791-92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

II.     Discussion

The Petition in this case should be dismissed because Petitioner's claims are cognizable only through a motion filed pursuant to 28 U.S.C. § 2255, not through a petition filed pursuant to 28 U.S.C. § 2241. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 805 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is inadequate or ineffective. By filing this § 2241 Petition, Petitioner is improperly attempting to short-circuit the statutory framework clearly established by Congress for the consideration of such claims, and this attempted bypass of the statutes' gate-keeping provision and savings clause should not be allowed.

Prior to the enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C.

5

§ 2241.  *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997).  In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy.  In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners.  Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention.  *See In re Dorsainvil,* 119 F.3d 245, 249 (3d Cir. 1997).  Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which is present in this case.  For example, it has been found available in actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good-time or jail-time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence , *see Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991).  Essentially, § 2241 is an appropriate basis for a habeas petition when a prisoner challenges the execution of his sentence; it is not generally available when the underlying validity of the conviction and sentence is being challenged.  *See United States v. Little*, 392 F.3d 671, 678-79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"); *Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers.").  According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but

6

instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Further, a motion pursuant to 28 U.S.C. § 2255 must be brought in the sentencing court. *See* 28 U.S.C. § 2255(a). In contrast, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 must be brought against the warden of the facility where the prisoner is being held. *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434-35 (2004).

Petitioner's allegations about the impropriety of his sentence challenge the underlying validity of the sentence rather than the manner of execution of the sentence. Petitioner seeks to attack the constitutionality of the sentence itself, not the actions of the Bureau of Prisons or the warden of FCI Bennettsville in carrying out the sentence. Such a matter is not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case in which 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues.[2] *See San-Miguel v. Dove*, 291 F.3d 257, 260-61 (4th Cir. 2002); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). *In re Vial*, 115 F.3d 1192. Petitioner asserts that the § 2255 remedy is inadequate and ineffective in his situation because "the [2255] motion in question needed more detail clarity to support the variance in the dispute over the issues stated." ECF No. 1 at 2.

Petitioner's challenge is based on the sentencing court's alleged improper application of United States Sentencing Guidelines and his counsel's ineffectiveness. In *In re Jones*, 226 F.3d at 333-34, the Fourth Circuit held that a petitioner seeking to file a second or successive motion to

---

[2] The "savings clause" of 28 U.S.C. § 2255 states: An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e).

7

vacate[3] based on "new" law decided after entry of a conviction and sentence must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law."  The *In re Jones* court found that, if the circumstances in which a petitioner finds himself satisfy all three prongs of the test, resort may be had to § 2241 to

---

[3] Under 28 U.S.C. § 2255(h), "a second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h)(1),(2).  Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of this subsection.

> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."

28 U.S.C. § 2244(b)(3)(B) -(E).

8

raise a claim of actual innocence because the § 2255 remedy would be deemed inadequate or ineffective. *In re Jones*, 226 F.3d at 334.

Petitioner's allegations do not satisfy the *In re Jones* test, the second element of which requires that the "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." This statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing *In re Jones*, 226 F.3d at 333-34). *See also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."). Here, Petitioner does not allege that he is innocent of the crime of possession of wire fraud. He merely alleges that his sentence for that conviction should be vacated because the sentencing guidelines were misapplied. The *In re Jones* test has been specifically construed in this district in cases involving § 2241 petitions to find that claims of actual innocence of an enhanced sentence— as opposed to actual innocence of the underlying criminal conviction— are not properly raised via § 2241. *See Chestnut v. Mitchell*, No. 9:09-3158-RBH-BM, 2009 U.S. Dist. LEXIS 124975, adopted by 2010 U.S. Dist. LEXIS 12591 (D.S.C. Feb. 12, 2010); *Evans v. Rivera*, No. 0:09-1153-JFA-PJG, 2009 WL 2232807 (D.S.C. July 23, 2009); *Brown v. Rivera*, No. 9:08-3177-PMD-BM, 2009 WL 960212  (D.S.C. Apr. 7, 2009). In the *Brown* case, the court rejected the petitioner's purported actual innocence claim raised under § 2241, finding that the second prong of the *In re Jones* test was not met because the petitioner was attempting to assert

innocence of his enhanced sentence, not his conviction. Thus, it could not be said under the circumstances presented that the § 2255 remedy was inadequate or ineffective. The petitioner in *Brown* was told that his sentencing-based claim should be raised via § 2255, if at all, and that because he had already filed one unsuccessful § 2255 motion, he would be required to seek leave from the Fourth Circuit before filing a successive § 2255 petition in the sentencing court in order to properly raise his sentencing claim.

In the instant case, Petitioner has not been precluded from asserting sentencing claims under § 2255. Although the sentencing court denied his initial § 2255 motion and the Fourth Circuit dismissed his appeal and denied his petition for rehearing, he cannot say that the § 2255 remedy was or is inadequate or ineffective. It is well-settled in this circuit that the possibility that a § 2255 motion filed by a petitioner in the sentencing court might be rejected on the merits or found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In re Jones*, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In Re Vial*, 115 F.3d at 1194 n.5. Because Petitioner cannot satisfy the *In re Jones* test or show any other exceptional reason for resort to § 2241 to raise an alleged sentencing-error issue in this case, Petitioner cannot sustain his burden of showing that the § 2255 remedy is ineffective or inadequate.

III.    Conclusion

For the foregoing reasons, the court recommends that the instant Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed without prejudice and without requiring Respondent to file a return. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those

actions that plainly lack merit without requesting an answer from the respondent). Petitioner's attention is directed to the important notice on the next page.

    IT IS SO RECOMMENDED.

December 21, 2012                                     Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).